OPINION
Defendant Ronald Frasier appeals a judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, which overruled his motion for a continuance of the trial date, and instead proceeded to hear evidence relative to the allocation of parental rights and obligations and relative to the division of the marital property of the parties. Appellant assigns a single error to the trial court:
ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO GRANT DEFENDANT-APPELLANT A CONTINUANCE OF THE TRIAL WHERE DEFENDANT-APPELLANT'S ILLNESS ON THE DATE OF THE TRIAL MADE IT IMPOSSIBLE FOR HIM TO APPEAR AND PRESENT EVIDENCE RELATIVE TO THE ISSUES OF CUSTODY OF HIM [SIC] CHILDREN, AND EVIDENCE RELATIVE TO THE EQUITABLE DIVISION OF PROPERTY OF THE PARTIES.
The record indicates plaintiff-appellee Catherine Frasier filed a complaint for divorce on June 4, 1996. The parties had been married for thirteen years, and had produced two children. On April 7, 1997, the trial court set the hearing date for final trial on the merits for July 30, 1997. Appellant failed to appear at the hearing, although his counsel was in attendance. Appellant's counsel requested a continuance, which the court overruled. The matter proceeded to final trial on the merits, and the parties were directed to file proposed findings of fact with the court. On July 30, 1997, the trial court entered its judgment allowing the divorce, and ordering appellant to relinquish custody of both children. Appellant moved for relief from judgment pursuant to Civ. R. 60 (B). Appellant's affidavit in support of the motion alleged he was unable to attend the trial on July 30 because of a medical condition necessitating an MRI test. Appellant also alleged he was unaware of the date of the hearing.
Stark County Common Pleas, Family Court Division Loc. R. 32.04 provides that all requests for continuances must be made in writing, stating the reason for the request, and submit a proposed new date for the hearing. The rule also requires an affirmation opposing counsel was contacted, and the movant must advise the court as to whether opposing counsel objects to the continuance or consents to it.
Appellant readily concedes motions for continuance are addressed to the trial court's sound discretion. The Supreme Court has repeatedly instructed courts of appeals to defer to the judgment of the trial court in exercising its discretion unless the reviewing court finds the trial court's attitude is unreasonable, arbitrary or unconscionable, see Blakemore v.Blakemore (1983), 5 Ohio St.3d 217 at 219.
As appellee points out, appellant presented no evidence that the medical condition from which he suffered was of an emergency nature, such that he was unable to schedule his MRI at a time which did not conflict with the trial date. Appellant's own affidavit also affirmatively demonstrates a break down in communication between appellant and his counsel. Finally, we note counsel appeared and ably participated in the trial.
Our review of the record leads us to conclude we cannot find the trial court abused its discretion in behaving unreasonably, arbitrarily, or unconscionably in overruling appellant's motion for continuance.
The assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, is affirmed.
By Gwin, J., Farmer, P.J., and Hoffman, J., concur.
 JUDGMENT ENTRY
CASE NO. 1997CA346
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, is affirmed. Costs to appellant.